**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM H. CLOWARD and<br>JEANNE C. CLOWARD,<br><br>*Plaintiffs,*<br><br>V.<br><br>AURORA LOAN SERVICES, LLC,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC. and<br>FEDERAL NATIONAL MORTGAGE<br>CORPORATION,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 4:12-CV-336<br>Judge Clark/Judge Mazzant |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On April 4, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendant Aurora Loan Services, LLC's Motion for Summary Judgment [Doc. #32], defendant Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment [Doc. #33], and defendant Federal Home Loan Mortgage Corporation's Motion for Summary Judgment [Doc. #34] be denied except as to plaintiffs' claim for violation of the Texas Deceptive Trade Practices Act ("DTPA") [Doc. #51]. On April 18, 2013, defendants filed objections [Doc. #52]. On April 25, 2013, plaintiffs filed a response [Doc. #53].

The Magistrate Judge determined that defendants failed to offer summary judgment evidence

to establish certain facts that defendants rely upon in support of their motions. The Magistrate Judge determined as follows:

> Defendants assert that PrimeLending provided notice to Plaintiffs that their loan had been transferred to Lehman Brothers Bank, the parent company of Aurora, shortly after the loan's closing. However, no evidence was offered to support this statement that such a transfer occurred. Plaintiffs assert that MERS assigned Plaintiffs' security instrument and Note to Freddie Mac. No evidence is offered to support this statement. Aurora did correspond with Plaintiffs via letter dated September 15, 2005, informing Plaintiffs that servicing of Plaintiffs' loan was transferred to Aurora. No evidence is offered to demonstrate how or when Aurora became the servicer of the loan.

[Doc. #51, p. 2]. The Magistrate Judge further found that defendants failed to offer clarity in their three separate motions on where each defendant stands in relation to the loan. The Magistrate Judge also determined that defendants failed to demonstrate that any of them were the proper parties to foreclose on the property in question.

Defendants' objections all relate to their assertion that there is clarity in the summary judgment record and that the Magistrate Judge should have granted all three motions for summary judgment.

As the learned Magistrate Judge correctly noted the court has granted motions for summary judgment in mortgage cases when proper, well-reasoned, and well-documented motions are presented. The court agrees with the Magistrate Judge that although defendants have taken three shots at the merits, they missed the mark each time. The simple fact is that defendants failed to present the court with a clear picture of what was happening to the loan in question. The Magistrate Judge correctly noted that no evidence was offered to support the key issues related to who the proper parties to the loan were at the time of initiating foreclosure. None of the defendants presents the court with evidence to show the proper chain of title to establish a right to foreclose. The court acknowledges, and has held many times, that a mortgage servicer can

properly foreclose. The summary judgment record is not clear that the mortgage servicer is one of the defendants in this case. The court understands the frustration by the Magistrate Judge in handling this matter. Defendants failed to present proper motions that would allow the court to grant the motions.

Defendants ask the court to do the following: (1) receive additional briefing so that defendants can provide additional evidence that will clarify the positions of the defendants relative to the loan; (2) recommit the matter to the Magistrate Judge with instructions to obtain additional evidence and briefing; (3) reject the findings and recommendations of the Magistrate Judge and grant the motions for summary judgment in whole or in part; or (4) modify the ruling to grant the motions on more than plaintiffs' DTPA claim.

The court rejects all of defendants' suggestions. Defendants would like a second opportunity to provide clarification. The court rejects defendants' late attempt. Defendants had the opportunity to address this in reply and seek leave from the Magistrate Judge to supplement the summary judgment record. Defendants failed to do that and ignored the arguments being made by plaintiff. The court finds that defendants had the opportunity to present a proper motion for summary judgment and failed in that effort. The court will also not send the matter back to the Magistrate Judge for additional briefing. Motions for summary judgemnt are submitted in revised drafts until finally granted. This case will proceed to trial.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by defendants, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendant Aurora Loan Services, LLC's Motion for Summary Judgment [Doc. #32], defendant Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment [Doc. #33], and defendant Federal Home Loan Mortgage Corporation's Motion for Summary Judgment [Doc. #34] are DENIED except as to plaintiffs' claim for violation of the Texas Deceptive Trade Practices Act, which is dismissed.

So **ORDERED** and **SIGNED** this **23** day of **May, 2013.**

_____
Ron Clark, United States District Judge